IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JEANNE MATERESE,

    *Plaintiff*,

v.                                                                              CASE NO:

ROBERT F. KENNEDY JR., Secretary
Department of Health and Human Services,

    *Defendant*.
_____/

# **COMPLAINT**

    1.    In August of 2021 Jeanne Materese suffered an adverse reaction to a COVID vaccination that left her with a severe platelet formation and blood clotting disorder.

    2.    Pursuant to the Vaccine Act (42 U.S.C. §§ 300aa-10 through 300aa-34), Ms. Materese should now have a preserved right, protected from expiration until an excise tax starts the limitations period, to file a claim for compensation for her injury in the United States Court of Federal Claims under the National Vaccine Injury Compensation Program ("VICP").

    3.    Unfortunately, Ms. Materese's ability to bring a VICP claim has not been secured because the Secretary of the Department of Health & Human Services has not complied with the Vaccine Act, which requires him to add the COVID vaccine to the Vaccine Injury Table.

    4.    Additionally, Congress has not been notified by the Secretary

of the need to impose the excise tax on the COVID vaccine as required by the Vaccine Act. *See* 42 U.S.C. § 300aa-14 Note; H.R. REP. 99-908, 20, 1986 U.S.C.C.A.N. 6344, 6361.

5. Robert F. Kennedy Jr. is currently Secretary of the Department of Health & Human Services ("Secretary").

6. Ms. Materese brings this suit to compel the Secretary to add the COVID vaccine to the Vaccine Injury Table.

7. Once the COVID vaccine is added to the Vaccine Injury Table, Ms. Materese acquires the benefit of the Vaccine Act's eight-year lookback provision from the date of the addition, 42 U.S.C. § 300aa-16(b), entitling her to seek compensation in the VICP as soon as Congress imposes the statutory tax on COVID vaccines.

8. Additionally, the addition of the COVID vaccine to the Vaccine Injury Table serves as a notification to Congress of the need to impose the statutory tax on COVID vaccines.

9. Compliance by the Secretary with the requirements of the Vaccine Act in the addition of the COVID vaccine to the Vaccine Injury Table will safeguard the right to compensation Ms. Materese, and others in the United States like her that have suffered severe adverse reactions to COVID vaccinations, through the VICP as envisioned by Congress.

## JURISDICTION AND VENUE

10. This Court has jurisdiction over this action pursuant to 42 U.S.C. § 300aa-31(a); 5 U.S.C. §§ 701 *et seq.* (judicial review of agency

action); 28 U.S.C. § 1331 (federal question); 28 U.S.C. § 1361 (mandamus); and 28 U.S.C. § 2201 (declaratory judgment).

11. Venue lies in this judicial district under 28 U.S.C. § 1391(e)(1) as Ms. Materese resides in Charlotte County, Florida.

## FACTS

12. The National Childhood Vaccine Injury Act of 1986 (the "Vaccine Act") (42 U.S.C. §§ 300aa-10 through 300aa-34) created the Vaccine Injury Compensation Program.

13. The VICP was created as an alternative to the tort system to allow individuals who suffer a severe adverse reaction from a covered vaccination to pursue claims for compensation in the United States Court of Federal Claims.

14. The VICP was specifically intended to provide injured persons with compensation "quickly, easily, and with certainty and generosity." H.R. REP. NO. 99–908, at 3–5 (1986), *reprinted in* 1986 U.S.C.C.A.N. 6344.

15. Covered vaccinations under the VICP include the influenza vaccine, tetanus vaccine, and over a dozen others which are administered to all ages.

16. Congress created a process to ensure that new vaccines recommended for routine administration would be covered by the VICP.

17. The first step is a recommendation for routine administration by the Centers for Disease Control and Prevention ("CDC").

18. Following the CDC's recommendation, the Secretary is required to add the new vaccine to the Vaccine Injury Table.

19. 42 U.S.C. § 300aa–14(e)(2) of the Vaccine Act states, "the Secretary shall, within 2 years of such recommendation, amend the Vaccine Injury Table … to include … vaccines which were recommended for routine administration to children…"

20. When the Secretary adds the vaccine to the Vaccine Injury Table, the right to seek compensation for an injury predating the revision accrues. 42 U.S.C. § 300aa–16(b).

21. The date the vaccine is added to the Vaccine Injury Table triggers the eight-year look back provision, which also acts as a statute of repose, permitting claims where the vaccine injury occurred within eight years of the Vaccine Injury Table addition and precluding claims for vaccine injuries occurring more than eight years before the Vaccine Injury Table addition. 42 U.S.C. § 300aa-16(b).

22. By 2021, the COVID vaccine was recommended for routine administration to children, triggering the two-year deadline for the Secretary to add the COVID vaccine to the Vaccine Injury Table.

23. Significantly more than two years has now elapsed since the Centers for Disease Control and Prevention recommended the COVID vaccine for routine administration to children.

24. Because the Secretary has not added the COVID vaccine to the Vaccine Injury Table as mandated, Ms. Materese risks having her

right to file a claim expire under the Vaccine Act's statute of repose as a consequence of the Secretary's continuing neglect of this duty.

25. The Secretary's revision of the Vaccine Injury Table also operates as a recommendation to Congress to provide a source of funding which expressly stated its desire to receive such recommendations as soon as possible as new vaccines are developed. H.R. REP. 99-908, 20, 1986 U.S.C.C.A.N. 6344, 6361.

26. Congress' decision regarding funding for compensation claims, prompted by this recommendation, is the final step in the process of adding coverage for COVID vaccine injury claims to the VICP. *Id*.

27. By failing to add the COVID vaccine to the Vaccine Injury Table, the Secretary is obstructing and frustrating a process intended to ensure that Ms. Materese and others injured by newly recommended vaccines have access to a compensation process "as soon as possible." *Id*.

28. The Vaccine Act provides that "any person may commence in a district court of the United States a civil action on such person's own behalf against the Secretary where there is alleged a failure of the Secretary to perform any act or duty under this part." 42 U.S.C. § 300aa-31(a).

29. On November 25, 2025, Ms. Materese sent notice to the Secretary informing him that he and his predecessor Secretary had thus far failed to meet their obligations under the Vaccine Act.

30. Ms. Materese's notice provided the Secretary the 60 days

required by 42 U.S.C. § 300aa-31(b) to allow him to cure his violation of the Vaccine Act without court action. The Secretary has not done so, and Ms. Materese files this suit to compel his compliance.

31. Ms. Materese seeks an order of this Court compelling the Secretary to revise the Vaccine Injury Table by adding the COVID vaccine and thus alert Congress to act.

## COUNT I
## VIOLATION OF THE NATIONAL CHILDHOOD VACCINE INJURY ACT OF 1986, 42 U.S.C. § 300aa-10, *et seq.*

32. Plaintiff hereby incorporates by reference paragraphs 1 through 31 of this Complaint.

33. Pursuant to 42 U.S.C. § 300aa–14(e)(2), the Secretary had a duty to add the COVID vaccine to the Vaccine Injury Table within 2 years of the vaccine being recommended by the CDC for routine administration to children.

34. 42 U.S.C. § 300aa–14(e)(2) states, "the Secretary shall, within 2 years of such recommendation, amend the Vaccine Injury Table … to include … vaccines which were recommended for routine administration to children…"

35. Despite this clear statutory requirement and the passage of more than two years, the addition of the COVID vaccine to the Vaccine Injury Table has not occurred.

36. The Secretary's continued violation of the Vaccine Act threatens to extinguish Ms. Materese's right to pursue compensation

through the VICP and fails to provide Congress with the trigger to provide a funding source, in violation of Congress' intent and express statutory directive.

37. Plaintiff provided the Secretary with written notice on November 25, 2025, and afforded the 60-day cure period required by 42 U.S.C. § 300aa-31(b), but the Secretary has not cured the violation.

WHEREFORE, Plaintiff requests that this Court issue an order compelling the Secretary to add the COVID vaccine to the Vaccine Injury Table, for any other appropriate relief as provided by law, and for her attorneys' fees and costs in bringing this citizen action under 42 U.S.C. § 300aa-31(c).

## COUNT II
### ADMINISTRATIVE PROCEDURE ACT—JUDICIAL REVIEW OF ACTION UNLAWFULLY WITHHELD

38. Plaintiff hereby incorporates by reference paragraphs 1 through 31 of this Complaint.

39. Pursuant to 42 U.S.C. § 300aa–14(e)(2), the Secretary had a duty to add the COVID vaccine to the Vaccine Injury Table within 2 years of the vaccine being recommended by the CDC for routine administration to children.

40. 42 U.S.C. § 300aa–14(e)(2) states, "the Secretary shall, within 2 years of such recommendation, amend the Vaccine Injury Table … to include … vaccines which were recommended for routine administration

to children…"

41. Despite this clear statutory requirement and the passage of more than two years, the addition of the COVID vaccine to the Vaccine Injury Table has not occurred.

42. The Secretary's continued violation of the Act threatens to extinguish Ms. Materese's right to pursue compensation through the VICP and delays her ability to obtain compensation, in violation of Congress' intent and express statutory directive.

43. Plaintiff is aggrieved and adversely affected by the Defendant's failure to act in his official capacity as the Secretary of Health and Human Service to add the COVID vaccine to the Vaccine Injury Table, in violation of the Vaccine Act.

44. Plaintiff provided the Secretary with written notice on November 25, 2025, and afforded the 60-day cure period required by 42 U.S.C. § 300aa-31(b), but the Secretary has not cured the violation.

WHEREFORE, Plaintiff seeks judicial review under the Administrative Procedure Act, 5 U.S.C. §§ 702 and 706, for the Secretary's failure to act; and judgment and a mandatory or injunctive decree directing his compliance; and seeks the court to compel, pursuant to 5 U.S.C. § 706(1), all action the Secretary has unlawfully withheld; and for any other appropriate relief as provided by law.

## COUNT III
## DECLARATORY JUDGMENT

8

**28 U.S.C. § 2201**

45. Plaintiff hereby incorporates by reference paragraphs 1 through 31 of this Complaint.

46. An actual and justiciable controversy exists between Plaintiff and Defendant concerning the Secretary's obligation under the Vaccine Act to timely amend the Vaccine Injury Table to include the COVID vaccine following the CDC's recommendation for routine administration, and the legal consequences of the Secretary's failure to do so on Plaintiff's ability to seek compensation under the VICP.

47. Plaintiff alleges she suffered an adverse reaction to a COVID vaccination that left her with a severe platelet formation and blood clotting disorder.

48. The Vaccine Act created the VICP as an alternative to the tort system to compensate individuals injured by covered vaccinations.

49. Congress established a process in which, after the CDC recommends a vaccine for routine administration, the Secretary shall, within two years of such recommendation, amend the Vaccine Injury Table to include the vaccine.

50. Significantly more than two years has elapsed since the CDC recommended the COVID vaccine for routine administration to children.

51. Despite the statutory requirement, the Secretary has not added the COVID vaccine to the Vaccine Injury Table.

52. Plaintiff alleges that once the COVID vaccine is added to the

Vaccine Injury Table, she will be entitled to the Vaccine Act's eight-year look-back from the date of the Table's revision, enabling her to seek compensation under the VICP when Congress imposes the requisite excise tax on the COVID vaccine.

53.     Plaintiff further alleges that the Secretary's failure to amend the Vaccine Injury Table threatens to extinguish her right to pursue compensation through the VICP and delays her ability to obtain that compensation as the trigger to Congress to provide a funding source has not occurred.

54.     Plaintiff provided the Secretary with written notice on November 25, 2025, and afforded the 60-day cure period required by 42 U.S.C. § 300aa-31(b), but the Secretary has not cured the violation.

55.     A declaratory judgment will resolve the parties' dispute by determining the parties' legal rights and obligations under the Vaccine Act and clarifying whether the Secretary has unlawfully failed to perform a mandatory duty to amend the Vaccine Injury Table to include the COVID vaccine, thereby affecting Plaintiff's accrued ability to seek compensation through the VICP and the preservation of her rights pending Congressional funding action.

WHEREFORE, Plaintiff respectfully requests that the Court enter a declaratory judgment pursuant to 28 U.S.C. § 2201 declaring that: (a) the Secretary had a non-discretionary duty under the Vaccine Act to amend the Vaccine Injury Table to include the COVID vaccine within two

years of the CDC's recommendation for routine administration; (b) the Secretary has failed to perform that duty; and (c) that when Defendant adds the COVID vaccine to the Vaccine Injury Table, all injuries attributable to the vaccine occurring within the eight years preceding the Secretary's addition will be eligible to file VICP claims as of an "effective date" of the revision to be determined by Congress; and granting such other and further relief as the Court deems just and proper.

## COUNT IV
## MANDAMUS, 28 U.S.C. § 1361

56. Plaintiff hereby incorporates by reference paragraphs 1 through 31 of this Complaint

57. Plaintiff pleads this Count in the alternative in the event that the Court concludes that 42 U.S.C. § 300aa-10, et seq. does not fully allow for the requested remedy.

58. Pursuant to 28 U.S.C. § 1361, federal district courts have "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

59. The Secretary has the non-discretionary duty to apply properly the substantive and procedural laws comprising the Vaccine Act.

60. The Secretary's failure to add the COVID vaccine to the Vaccine Injury Table as required by the Vaccine Act provides this Court with jurisdiction to order the Secretary to fulfill his obligations.

WHEREFORE, Plaintiff requests that this Court issue an order compelling the Secretary to add the COVID vaccine to the Vaccine Injury Table and for any other appropriate relief as provided by law.

## COUNT V
## ALL WRITS ACT, 28 U.S.C. § 1651

61. Plaintiff hereby incorporates by reference paragraphs 1 through 31 of this Complaint.

62. Plaintiff pleads this Count in the alternative in the event that the Court concludes that 42 U.S.C. § 300aa does not fully allow for the requested remedy.

63. The Secretary violated the Vaccine Act by failing to add the COVID vaccine to the Vaccine Injury Table as required by the Act.

64. In the event that the prior counts of the Complaint do not provide the necessary relief, Plaintiff is entitled to an order requiring the Secretary to comply with the Vaccine Act under the All Writs Act, 28 U.S.C. § 1651.

WHEREFORE, Plaintiff requests that this Court issue an order compelling the Secretary to add the COVID vaccine to the Vaccine Injury Table and for any other appropriate relief as provided by law.

Dated: February 2, 2026

Respectfully submitted,

/s/ Altom Maglio
Altom Maglio, FL Bar 88005
**mctlaw**
1515 Ringling Boulevard, Suite 700
Sarasota, FL 34236
Phone 888.952.5242
amm@mctlaw.com
ldassonville-ajit@mctlaw.com

*Attorneys for the Plaintiff*
