UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JEANNE MATERESE,

Plaintiff,

v.

ROBERT F. KENNEDY, JR.,

Defendant.

Case No. 2:26-cv-212-KCD-NPM

# ORDER

Before the Court is Defendant Robert F. Kennedy, Jr.'s Motion to Dismiss Plaintiff Jeanne Materese's Complaint. (Doc. 14).[1] Materese has responded (Doc. 16), making this matter ripe. For the reasons below, the Motion is **GRANTED** and Materese's complaint is **DISMISSED without prejudice**.

## I. Background

Here are the relevant facts taken from the operative complaint. The National Childhood Vaccine Injury Act of 1986 (the Vaccine Act) created the National Vaccine Injury Compensation Program (VICP). (*Id.* ¶ 12.) The VICP allows individuals to seek compensation for injuries caused by vaccines listed on the Vaccine Act's Vaccine Injury Table (the Table). (*Id.* ¶¶ 13, 21.).

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

The Table must include vaccines "recommended for routine administration to children" by the Centers for Disease Control and Prevention. (*Id.* ¶ 19); 42 U.S.C. § 300aa-14(e)(2). The Secretary of the Department of Health and Human Services (HHS) must add these vaccines to the Table "within [two] years of such recommendation[s]." (Doc. 1 ¶ 19). And—crucially—only individuals whose injuries "occurred within eight years of" a given vaccine's placement on the Table are eligible for compensation. (*Id.* ¶ 21); *see also* § 300aa-16(b)(2).

"By 2021, the COVID vaccine was recommended for routine administration to children." (*Id.* ¶ 22.) In August 2021, "Materese suffered an adverse reaction to a COVID vaccination." (*Id.* ¶ 1.) Fast forward to today, and the COVID vaccine still hasn't been added to the Table. (*Id.* ¶ 24.) Materese worries that her right to file a VICP claim will expire before the Table gets updated. (*Id.*) She consequently sues the current HHS Secretary, Robert F. Kennedy Jr., and seeks declaratory and injunctive relief. (*Id.* ¶¶ 31, 45-55.) The Secretary now moves to dismiss this action and insists Materese lacks standing. (Doc. 14.)

## II. Legal Standard

Article III of the Constitution limits federal jurisdiction to actual cases or controversies. U.S. Const. art. III, § 2. Among other things, this permits district courts to "hear a case only when the plaintiff has standing to sue."

*Baughcum v. Jackson*, 92 F.4th 1024, 1030 (11th Cir. 2024). "To have standing, an individual plaintiff must have suffered an injury in fact, fairly traceable to the defendant, that the court can redress with an order directed at the defendant." *Berrocal v. Att'y Gen. of United States*, 136 F.4th 1043, 1049 (11th Cir. 2025). Absent any of these elements, the court lacks subject matter jurisdiction over the claim. *E.g.*, *Jacobson v. Fla. Sec'y of State*, 974 F.3d 1236, 1245 (11th Cir. 2020).

Parties may contest a court's subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). *See Watson v. Kingdom of Saudi Arabia*, No. 24-11310, 2025 WL 3137641, at *9 (11th Cir. Nov. 10, 2025). Such challenges come in two forms: "facial attacks" or "factual attacks." *Lawrence v. Dunbar*, 919 F.2d 1525, 1528-29 (11th Cir. 1990). Facial attacks require the court look only at the complaint to see whether the "plaintiff has sufficiently alleged a basis for subject matter jurisdiction." *Id.* at 1529; *see also Garcia v. Copenhaver, Bell & Assocs., M.D.'s, P.A.*, 104 F.3d 1256, 1260 (11th Cir. 1997).

## III. Discussion

The Secretary wages a facial attack on this Court's subject matter jurisdiction. He contends Materese lacks standing to bring this action since her alleged injury is too speculative and not certainly impending.

The parties talk past each other a bit when identifying the precise injury the Court needs to assess. The Government frames Materese's injury

as a straightforward inability to file a claim today—arguing that "by not acting, the Secretary has prevented her from filing a claim[.]" (Doc. 14 at 13.) But Materese says that gets her grievance all wrong. (Doc. 16 at 7.) She does not assert a present entitlement to a check. Instead, her core complaint is that the Secretary's inaction is running out the clock. Because the Vaccine Act includes a strict eight-year statute of repose, Materese argues that the Secretary's failure to add the COVID-19 vaccine to the Table deprives her of the statute's savings clause. In her view, the harm is not the lack of immediate money, but the looming expiration of her claim.[2] Yet, even accepting Materese's more nuanced framing—the loss of a statutory safe harbor rather than an immediate payout— her claim still runs headlong into Article III's bedrock requirement that an injury be actual or imminent, not conjectural or hypothetical.

"[A]s the party invoking federal jurisdiction," Materese "bears the burden of establishing" her injury-in-fact. *Tsao v. Captiva MVP Rest.*

[2] Materese offers two other injuries: the Secretary's inaction delays her eligibility for compensation, and it violates a procedural right to a timely decision. (Doc. 16 at 7.) Neither creates a cognizable Article III harm. The compensation-delay theory founders on the basic rule that an injury must be certainly impending, rather than dependent on a "highly attenuated chain of possibilities." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 410 (2013). Because her ultimate payout rests entirely on an independent and uncertain act of Congress (passing an excise tax), any delay in her eligibility is far too speculative to count as a present injury in fact. The procedural argument meets the same fate. A plaintiff cannot get into federal court by simply pointing to a blown statutory deadline. The "deprivation of a procedural right without some concrete interest that is affected by the deprivation—a procedural right *in vacuo*—is insufficient to create Article III standing." *Summers v. Earth Island Inst.*, 555 U.S. 488, 496 (2009).

*Partners, LLC*, 986 F.3d 1332, 1337 (11th Cir. 2021). This means she must show that her alleged injury is both "(a) concrete and particularized and (b) actual or imminent." *Henry v. Att'y Gen., Alabama*, 45 F.4th 1272, 1287 (11th Cir. 2022). "Whether a plaintiff's injury is actual or imminent typically turns on the form of relief" requested. *Scott v. City of Daytona Beach, Fla.*, No. 24-12662, 2026 WL 1830927, at *5 (11th Cir. June 25, 2026).

If a plaintiff "seek[s] prospective relief—*i.e.*, an injunction or a declaratory judgment—[she] must demonstrate a likelihood of *future* harm." *Id.*; *see also Mack v. USAA Casualty Ins. Co.*, 994 F.3d 1353, 1356 (11th Cir. 2021). This is a "high standard." *Muransky v. Godiva Chocolatier, Inc.*, 979 F.3d 917, 927 (11th Cir. 2020). Any future harm cannot be slated to happen "too far off." *Kennedy v. Floridian Hotel, Inc.*, 998 F.3d 1221, 1233 (11th Cir. 2021). Instead, it must be "certainly impending" or there must be a "substantial risk that the harm will occur." *Muransky*, 979 F.3d at 927; *see also Tsao*, 986 F.3d at 1339.

The future harm here flunks this test. Materese stresses that the Secretary's inaction could cause her to forever lose her shot at bringing a timely VICP claim. But she doesn't show that this scenario is substantially likely to happen.

Materese's adverse vaccine reaction occurred in August 2021. So provided the COVID Vaccine is added to the Table by August 2029, she can

seek relief. *See* § 300aa-16(b)(2). There is thus another *three years'* worth of runway on the horizon before her VICP claim would expire. And that is hardly the quick turnaround typically deemed sufficient for standing. *See Indep. Party of Fla. v. Sec'y, State of Fla.*, 967 F.3d 1277, 1281 (11th Cir. 2020) (deeming future injury "certainly impending" given it would "occur only months from now"); *ACLU of Florida, Inc. v. Miami-Dade County Sch. Bd.*, 557 F.3d 1177, 1193 (11th Cir. 2009) (concluding future injury potentially occurring fourteen months away was not "too far off"); *Fla. State Conf. of N.A.A.C.P. v. Browning*, 522 F.3d 1153,1161 (11th Cir. 2008) (concluding potential injury was "sufficiently immediate for standing purposes" where it could occur in that year's upcoming election).

Plus, Materese offers nothing suggesting that the Secretary will keep sitting on his hands and ignore the statutory mandate. She points to no statements or actions signaling that the COVID vaccine will not get added to the Table in the next three years. Nor does the Secretary's inaction appear to be pursuant to any official government policy. *Cf. Worthy v. City of Phenix City , Alabama*, 930 F.3d 1206, 1215 (11th Cir. 2019) ("A future injury is significantly more likely when the threatened acts that will cause injury are authorized or part of a policy."). Materese has therefore only shown that it is possible—not *probable*—that her VICP claim could expire before the Table is updated.

That said, Materese's lost-opportunity-theory *might* constitute a concrete injury at some later date. *See Kurapati v. U.S. Bureau of Citizenship & Immigr. Servs.*, 775 F.3d 1255, 1260 (11th Cir. 2014); *Ecosystem Inv. Partners v. Crosby Dredging, L.L.C.*, 729 F. App'x 287, 292 (5th Cir. 2018) (recognizing "a well-established line of cases holding that loss of a non-illusory opportunity to pursue a benefit constitutes an injury in fact"); *Teton Historic Aviation Found. v. U.S. Dep't of Def.*, 785 F.3d 719, 724-25 (D.C. Cir. 2015). But as things stand now, she hasn't shown that this future harm is substantially likely to occur. Accordingly, she fails to invoke this Court's jurisdiction. *See Nelson v. Experian Info. Sols. Inc.*, 144 F.4th 1350, 1357 (11th Cir. 2025).

## IV. Conclusion

In sum, Materese lacks standing. She hasn't shown that her future harm is certainly impeding. So—at least for now—this Court lacks subject matter jurisdiction over her claims. Accordingly, the Secretary's Motion to Dismiss (Doc. 14) is **GRANTED** and Materese's Complaint (Doc. 1) is **DISMISSED without prejudice**.

**ORDERED** in Fort Myers, Florida on August 11, 2026.

Kyle C. Dudek
United States District Judge